

**Service of Process Transmittal**
01/05/2012
CT Log Number 519753846

**TO:** Kimberly Wilburn
Sunrise Senior Living, Inc.
7900 Westpark Drive, Suite T900
McLean, VA 22102

**RE:** **Process Served in Illinois**

**FOR:** Sunrise Continuing Care, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wendy Briar, as Special Representative and Special Administrator of the Estate of Sophie Burkart, Deceased, Pltf. vs. Sunrise Senior Living, Inc., etc., et al. including Sunrise Continuing Care, LLC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint, Exhibit(s), Report |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL<br>Case # 2012L000095 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Wrongful Death - Negligence that caused Sophie to fall and fracture her hip and deterioration of he physical and mental condition which resulted in her death - 07/23/10 - Sunrise of Schaumburg - 790 North Plum Grove Road, Schaumburg IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/05/2012 at 10:30 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jordan S. Powell<br>Levin & Perconti<br>325 N. LaSalle Street<br>Suite 450<br>Chicago, IL 60654<br>312-332-2872 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 793087022470<br>Image SOP<br>Email Notification, Kimberly Wilburn kimberly.wilburn@sunriseseniorliving.com<br>Email Notification, Helen Wilson helen.wilson@sunriseseniorliving.com<br>Email Notification, Joyce Madison Joyce.Madison@sunriseseniorliving.com<br>Email Notification, Maria Balourdos Maria.Balourdos@sunriseseniorliving.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Thad DiBartelo<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / DT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
Wendy Briar, as Special Representative and Special Administrator of the Estate of Sophie Burkart, Deceased

v.

Sunrise Senior Living, Inc. d/b/a Sunrise of Schaumburg, et al.

No. _____

SHERIFF PLEASE SERVE:
Sunrise Continuing Care, LLC
R/A: CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL 60604

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 55019
Name: Levin & Perconti
Atty. for: Plaintiff
Address: 325 North LaSalle St., Suite 450
City/State/Zip: Chicago, Illinois 60654
Telephone: 312/332-2872
Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, ____JAN 04 2012____,

Clerk of Court
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
Wendy Briar, as Special Representative and Special Administrator of the Estate of Sophie Burkart, Deceased

v.

Sunrise Senior Living, Inc. d/b/a Sunrise of Schaumburg, et al.

**SUMMONS**

No. _____

2012L000975
CALENDAR/ROOM H
TIME 00:00
Medical Malpractice

SHERIFF PLEASE SERVE:
Sunrise Continuing Care, LLC
R/A: CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, IL 60604

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 55019
Name: Levin & Perconti
Atty. for: Plaintiff
Address: 325 North LaSalle St., Suite 450
City/State/Zip: Chicago, Illinois 60654
Telephone: 312/332-2872
Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, JAN 0 4 2012, _____

Clerk of Court BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

STATE OF ILLINOIS )
                              ) SS.
COUNTY OF COOK )

Firm ID: 55019

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased,

    Plaintiff

*versus*

SUNRISE SENIOR LIVING, INC., a Delaware Corporation d/b/a SUNRISE OF SCHAUMBURG, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company and JODI MEIER,

    Defendants.

Court # _____

## COMPLAINT AT LAW

The Plaintiff, WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased, by her attorneys, LEVIN & PERCONTI, complains against the Defendants, SUNRISE SENIOR LIVING, INC., a Delaware Corporation d/b/a SUNRISE OF SCHAUMBURG, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company and JODI MEIER, and states as follows:

### COUNT I

### Briar for Burkart vs. Sunrise Senior Living, Inc. d/b/a Sunrise of Schaumburg and Jodi Meier

(Negligence – Survival)

1. The Plaintiff, WENDY BRIAR, as Special Representative and Special

1

**Administrator of the Estate of SOPHIE BURKART, Deceased,** brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

2. **SOPHIE BURKART ("SOPHIE")** was born on August 21, 1916.

3. **SOPHIE** died on July 23, 2010.

4. At all times relevant to this Complaint, the Defendant, **SUNRISE SENIOR LIVING, INC., a Delaware Corporation d/b/a SUNRISE OF SCHAUMBURG,** owned, operated and/or managed a facility commonly known as **SUNRISE OF SCHAUMBURG** ("the Facility") located at 790 North Plum Grove Road, Schaumburg, Illinois.

5. At all times relevant to this Complaint, **SUNRISE OF SCHAUMBURG,** was an assisted living facility, pursuant to 210 ILCS 9/1 et seq., commonly known as the Assisted Living and Shared Housing Act, which provided services to its residents including, but not limited to, assistance with activities of daily living.

6. **SOPHIE** was a resident of **SUNRISE OF SCHAUMBURG** from July 19, 2007 through July 10, 2010.

7. During **SOPHIE's** residency at **SUNRISE OF SCHAUMBURG,** the Defendant, **JODI MEIER,** was the executive director.

8. Prior to and during **SOPHIE's** residency at **SUNRISE OF SCHAUMBURG,** the Facility held itself out as providing assisted living for individuals and offering a specially designed program of personalized assisted living services for residents including, but not limited to, assistance and supervision with activities of daily living.

9. At all times relevant to this Complaint, **SUNRISE OF SCHAUMBURG,** by and through its agents and employees, including, but not limited to, **JODI MEIER,** knew or should have known that **SOPHIE** was a fall risk.

10. On or about July 10, 2010, **SOPHIE** was left unsupervised and allowed to wander

2

into another resident's room and sustain a fall resulting in a right hip fracture.

11. At all times relevant to this Complaint, it was the duty of Defendants, **SUNRISE SENIOR LIVING, INC. and JODI MEIER,** to exercise due care and caution in the care, treatment and supervision of **SOPHIE**.

12. Defendants, **SUNRISE SENIOR LIVING, INC. and JODI MEIER,** by and through their agents and employees, breached their duty and were guilty of one or more of the following careless and negligent acts or omissions:

   (a) Carelessly and negligently failed to adequately assess SOPHIE's fall risk;

   (b) Carelessly and negligently failed to create a care plan to address SOPHIE's fall risk;

   (c) Carelessly and negligently failed to ensure that SOPHIE received appropriate supervision and assistive devices to prevent falls;

   (d) Carelessly and negligently failed to ensure that SOPHIE's environment remained free of accident hazards;

   (e) Carelessly and negligently failed to provide adequate and properly supervised care to SOPHIE;

   (f) Carelessly and negligently failed to visually supervise SOPHIE while she was in the Facility;

   (g) Carelessly and negligently failed to adequately staff the Facility;

   (h) Carelessly and negligently failed to adequately train staff to care for fall risk residents;

   (i) Carelessly and negligently failed to have a system in place to clearly identify residents, including SOPHIE, who were at risk for falls;

   (j) In violation of 210 ILCS 9/15 of the Illinois Compiled Statutes, commonly known as the Assisted Living and Shared Housing Act, failed to complete and assessment and create a service plan to address SOPHIE's fall risk;

   (k) In violation of 210 ILCS 9/150(f)(3) of the Illinois Compiled Statutes, commonly known as the Assisted Living and Shared Housing Act, failed to develop and implement policies and procedures to ensure the

3

    **continued safety of all residents, including SOPHIE;**

(l)   **In violation of 210 ILCS 9/150(f)(6) of the Illinois Compiled Statutes, commonly known as the Assisted Living and Shared Housing Act, failed to provide an appropriate number of staff for its resident population, including, SOPHIE; and**

(m)   **In violation of 210 ILCS 9/95(9) of the Illinois Compiled Statutes, commonly known as the Assisted Living and Shared Housing Act, carelessly and negligently failed to keep Sophie free from neglect.**

  13. As a direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, **SOPHIE** suffered from a fall on July 10, 2010, resulting in injuries including, but not limited to, a right hip fracture and a deterioration of her physical and mental condition, all of which caused or contributed to cause her death on July 23, 2010.

  14. As a direct and proximate result of one or more of the Defendants' negligent acts or omissions, **SOPHIE** suffered injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, disability and disfigurement, medical, funeral, and other related expenses; and **SOPHIE** would have been entitled to receive compensation from the Defendants for these injuries, had she survived.

  15. Attached to this Complaint as "Exhibit A" is the Affidavit of the attorney in this cause, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE**, the Plaintiff, **WENDY BRIAR**, as Special Representative and Special Administrator of the Estate of **SOPHIE BURKART**, Deceased, by her attorneys, **LEVIN & PERCONTI**, asks that a judgment be entered against Defendants, **SUNRISE SENIOR LIVING, INC., a Delaware Corporation d/b/a SUNRISE OF SCHAUMBURG and JODI MEIER,** jointly and severally, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

### Briar for Burkart vs. Sunrise Senior Living, Inc. d/b/a Sunrise of Schaumburg and Jodi Meier

(Negligence – Wrongful Death)

1. The Plaintiff, **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Act of the State of Illinois.

2-12. The Plaintiff realleges paragraphs 2-12 of Count I of this Complaint as and for paragraphs 2-12 of this Count II.

13. As a direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, **SOPHIE** suffered from a fall on July 10, 2010, resulting in injuries including, but not limited to, a right hip fracture and a deterioration of her physical and mental condition, all of which caused or contributed to cause her death on July 23, 2010.

14. **SOPHIE** left surviving her various persons who were her next of kin including, but not limited to, the following individuals:

    a.    Wendy Briar – Daughter
    b.    Robert Burkart – Son

15. **SOPHIE's** next of kin suffered injuries as a result of her death, including the loss of companionship and society and grief and sorrow. Further, **SOPHIE's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred as a result of the Defendants' negligence.

16. Attached to this Complaint as "Exhibit A" is the Affidavit of the attorney in this cause, filed pursuant to 735 ILCS 5/2-622(a)(1).

**WHEREFORE,** the Plaintiff, **WENDY BRIAR, as Special Representative and**

5

Special Administrator of the Estate of **SOPHIE BURKART, Deceased,** by her attorneys, **LEVIN & PERCONTI,** asks that a judgment be entered against Defendants, **SUNRISE SENIOR LIVING, INC., a Delaware Corporation d/b/a SUNRISE OF SCHAUMBURG and JODI MEIER,** jointly and severally, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III

### Briar for Burkhart vs. Sunrise Senior Living Management, Inc. and Sunrise Continuing Care, LLC

(Negligence – Survival)

1. The Plaintiff, **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased,** brings this action pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Survival Act of the State of Illinois.

2. **SOPHIE BURKART ("SOPHIE")** was born on August 21, 1916.

3. **SOPHIE** died on July 23, 2010.

4. At all times relevant to this Complaint, the Defendant, **SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation,** owned and operated the facility commonly known as **SUNRISE OF SCHAUMBURG,** located at 790 North Plum Grove Road, Schaumburg, Illinois.

5. At all times relevant to this Complaint, the Defendant, **SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation,** managed the facility commonly known as **SUNRISE OF SCHAUMBURG,** located at 790 North Plum Grove Road, Schaumburg, Illinois.

6. At all times relevant to this Complaint, the Defendant, **SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company,** owned and operated the facility commonly known as **SUNRISE OF SCHAUMBURG,** located at 790 North Plum

Grove Road, Schaumburg, Illinois.

7. At all times relevant to this Complaint, the Defendant, **SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company,** managed the facility commonly known as **SUNRISE OF SCHAUMBURG**, located at 790 North Plum Grove Road, Schaumburg, Illinois.

8. At all times relevant to this Complaint, **SUNRISE OF SCHAUMBURG** was an assisted living facility, pursuant to 210 ILCS 9/1 et seq., commonly known as the Assisted Living and Shared Housing Act, which provided services to its residents including, but not limited to, assistance with activities of daily living.

9. **SOPHIE** was a resident of **SUNRISE OF SCHAUMBURG** from July 19, 2007 through July 10, 2010.

10. Prior to and during **SOPHIE's** residency at **SUNRISE OF SCHAUMBURG**, the facility held itself out as providing assisted living for individuals and offering a specially designed program of personalized assisted living services for residents including, but not limited to, assistance and supervision with activities of daily living.

11. At all times relevant to this Complaint, the Defendants, **SUNRISE SENIOR LIVING MANAGEMENT, INC. and SUNRISE CONTINUING CARE, LLC,** by and through their agents and employees, knew or should have known that **SOPHIE** was a fall risk.

12. On or about July 10, 2010, **SOPHIE** was left unsupervised and allowed to wander into another resident's room and sustain a fall resulting in a right hip fracture.

13. At all times relevant to this Complaint, Defendants, **SUNRISE SENIOR LIVING MANAGEMENT, INC. and SUNRISE CONTINUING CARE, LLC,** as the entities that operated and managed the facility commonly known as **SUNRISE OF SCHAUMBURG**, exercised significant control over the Facility's business including, but not limited to, budgetary

7

decisions, hiring and firing, staffing the Facility, training the staff, contracting for services with consultants, managing the finances of the Facility, monitoring the quality of care by nursing and physicians to residents of the Facility, and providing financial resources for nursing and medical supplies.

14. In providing the services as the management company, owner and/or operator of **SUNRISE OF SCHAUMBURG**, Defendants, **SUNRISE SENIOR LIVING MANAGEMENT, INC. and SUNRISE CONTINUING CARE, LLC,** by and through its owners, managers, officers, employees and agents, had a duty to exercise ordinary care in the management and operation of **SUNRISE OF SCHAUMBURG.**

15. Defendants, **SUNRISE SENIOR LIVING MANAGEMENT, INC. and SUNRISE CONTINUING CARE, LLC,** by and through its owners, managers, officers, employees and agents, breached their duty and were guilty of one or more of the following careless and negligent acts or omissions:

- a) **Failed to provide appropriately trained health care staff to care for its residents, including SOPHIE;**
- b) **Failed to provide enough healthcare staff to care for its residents, including SOPHIE;**
- c) **Failed to appropriately supervise its healthcare staff;**
- d) **Failed to ensure that SUNRISE OF SCHAUMBURG was being operated in compliance with all applicable professional standards and regulations;**
- e) **Failed to appropriately monitor the quality of care rendered by physicians and nurses to SUNRISE OF SCHAUMBURG'S residents, including SOPHIE;**
- f) **Failed to take steps to prevent, eliminate, and correct deficiencies and problems with resident care;**
- g) **Failed to allocate sufficient resources to adequately staff the Facility to provide appropriate supervision and monitoring when Defendants**

knew or should have known that the Facility was understaffed and unable to provide reasonable care;

h) Inappropriately allocated excessive funds to itself thereby draining SUNRISE OF SCHAUMBURG of the resources necessary to maintain sufficient and appropriately trained staff to assess and prevent residents from sustaining falls;

i) Failed to adopt adequate guidelines for determining whether the Facility had sufficient nursing personnel to render care, treatment and supervision to residents including, SOPHIE; and

j) Induced residents to come to SUNRISE OF SCHAUMBURG by marketing the Facility as being able to provide services that the Facility was in fact ill equipped to provide.

16. As a direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, **SOPHIE** suffered from a fall on July 10, 2010, resulting in injuries including, but not limited to, a right hip fracture and a deterioration of her physical and mental condition, all of which caused or contributed to cause her death on July 23, 2010.

17. As a direct and proximate result of one or more of the Defendants' negligent acts or omissions, **SOPHIE** suffered injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, disability and disfigurement, medical, funeral, and other related expenses; and **SOPHIE** would have been entitled to receive compensation from the defendants for these injuries, had she survived.

**WHEREFORE**, the Plaintiff, **WENDY BRIAR**, as Special Representative and Special Administrator of the Estate of **SOPHIE BURKART**, Deceased, by her attorneys, **LEVIN & PERCONTI**, asks that a judgment be entered against Defendants, **SUNRISE SENIOR LIVING MANAGEMENT, INC.**, a Virginia Corporation, and **SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company**, jointly and severally, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV

### Briar for Burkhart vs. Sunrise Senior Living Management, Inc. and Sunrise Continuing Care, LLC

(Negligence – Wrongful Death)

1. The Plaintiff, **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased,** brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Wrongful Death Act of the State of Illinois.

2-15. The Plaintiff realleges paragraphs 2-15 of Count III of this Complaint as and for paragraphs 2-15 of this Count IV.

16. As a direct and proximate result of one or more of the foregoing negligent acts or omissions by the Defendants, **SOPHIE** suffered from a fall on July 10, 2010, resulting in injuries including, but not limited to, a right hip fracture and a deterioration of her physical and mental condition, all of which caused or contributed to cause her death on July 23, 2010.

17. **SOPHIE** left surviving her various persons who were her next of kin including, but not limited to, the following individuals:

    a. Wendy Briar – Daughter
    b. Robert Burkart – Son

18. **SOPHIE's** next of kin suffered injuries as a result of her death, including the loss of companionship and society and grief and sorrow. Further, **SOPHIE's** estate was diminished by virtue of the medical, hospital and funeral expenses that were incurred as a result of the Defendants' negligence.

**WHEREFORE,** the Plaintiff, **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased,** by her attorneys, **LEVIN & PERCONTI,** asks that a judgment be entered against Defendants, **SUNRISE**

**SENIOR LIVING MANAGEMENT, INC.**, a Virginia Corporation, and **SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company,** jointly and severally, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

                                                  Respectfully submitted,
                                                  **LEVIN & PERCONTI**

                                         By: _____
                                                Attorneys for the Plaintiff

Jordan S. Powell
**LEVIN & PERCONTI**
325 N. LaSalle Street, Suite 450
Chicago, IL 60654
312/332-2872
312/332-3112 – Fax
Attorney #55019

STATE OF ILLINOIS    )
                             ) SS.
COUNTY OF COOK     )

Firm ID: 55019

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased,**<br><br>    **Plaintiff**<br><br>    *versus*<br><br>**SUNRISE SENIOR LIVING, INC., a Delaware Corporation d/b/a SUNRISE OF SCHAUMBURG, SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation, SUNRISE CONTINUING CARE, LLC, a Delaware Limited Liability Company and JODI MEIER,**<br><br>    **Defendants.** | Court # _____ |

### ATTORNEY'S AFFIDAVIT PURSUANT TO 2-622 OF THE ILLINOIS CODE OF CIVIL PROCEDURE

YOUR AFFIANT, **JORDAN S. POWELL**, attorney for the Plaintiff, **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased**, being first duly sworn, deposes and states that:

1. I am one of the attorneys for the Plaintiff, **WENDY BRIAR, as Special Representative and Special Administrator of the Estate of SOPHIE BURKART, Deceased.**

2. I have consulted and reviewed the facts surrounding the treatment of **SOPHIE BURKART, Deceased** with a physician licensed to practice medicine in all its branches, whom I reasonably believe is (i) knowledgeable in the relevant issues involved in this particular action, (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action, and (iii)

1

**EXHIBIT A**

meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501.

3. The said reviewing physician is qualified by experience or has demonstrated competence in the subject of this case and has determined in a written report with specific allegations as to Defendant, **Sunrise of Schaumburg** (a copy of which is attached hereto), after a review of **Sophie Burkart's** medical records and other relevant material, that there is a reasonable and meritorious cause for the filing of this action as to this Defendant.

4. I have concluded, on the basis of the said review and consultation of the reviewing physician, that there is a reasonable and meritorious cause for the filing of this action.

5. A true and correct copy of the report of the reviewing physician is attached hereto.

Respectfully submitted,
**LEVIN & PERCONTI**

By: _____
JORDAN S. POWELL

SUBSCRIBED and SWORN TO before me
this 3rd day of January, 2012.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MARIA V. WITVLIET
Notary Public - State of Illinois
My Commission Expires Dec 01, 2013

**LEVIN & PERCONTI**
325 N. LaSalle St., Suite 450
Chicago, IL 60654
312/332-2872
312/332-3112 (fax)

2

RE: Sophie Burkart vs. Sunrise of Schaumburg

## HEALTH PROFESSIONAL'S REPORT

1. I am a physician licensed to practice medicine in all its branches and practice or teach in the area of medicine applicable in this case.

2. I am knowledgeable in the relevant issues involved in this particular action.

3. I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4. I am qualified by experience and have demonstrated competence in the subject of this cause.

5. I am familiar with the standard of care for Assisted Living Facilities as it relates to issues of the care and treatment involved in this matter.

6. I have read and reviewed documents including, but not limited to, the following records in this case:

    a. **Sunrise of Schaumburg**
       Dates of Treatment: 7/19/07 – 7/22/10

    b. **Alexian Brothers Medical Center**
       Dates of Treatment: 7/10/10 – 7/22/10

    c. **Certificate of Death**
       Date: 7/23/10

7. Sophie Burkart required assistance with all activities of daily living and her overall clinical condition put her at risk for, among other things, suffering from falls.

8. The staff at Sunrise of Schaumburg was obligated to provide the necessary services and treatments to Sophie Burkart, as well as monitoring her clinical condition and promoting physical, mental, and psychosocial well-being.

9. The staff at Sunrise of Schaumburg had a duty to exercise due care and caution in the care and treatment of Sophie Burkart.

10. Based upon my experience, training, and knowledge, and my review of the above records, it is my opinion, to a reasonable degree of medical certainty that the care provided to Sophie Burkart by Sunrise of Schaumburg, fell below the minimum standard of care and constituted negligence as the staff at Sunrise of Schaumburg:

1

(a) Carelessly and negligently failed to adequately assess Sophie Burkart's fall risk;

(b) Carelessly and negligently failed to create a care plan to address Sophie Burkart's fall risk;

(c) Carelessly and negligently failed to ensure that Sophie Burkart received appropriate supervision and assistive devices to prevent falls;

(d) Carelessly and negligently failed to ensure that Sophie Burkart's environment remained free of accident hazards;

(e) Carelessly and negligently failed to provide adequate and properly supervised care to Sophie Burkart; and

(f) Carelessly and negligently failed to visually supervise Sophie Burkart while she was in the Facility.

11. As a result of the failures of care by Sunrise of Schaumburg, Sophie Burkart sustained a fall on July 10, 2010, resulting in a right hip fracture and a deterioration of her physical and mental condition, all of which caused or contributed to cause her death July 23, 2010.

12. In my opinion, there is a reasonable and meritorious basis for filing a cause of action against Sunrise of Schaumburg.

_____
Signature

_____
Date